POLONIO CEBALLOS ET UX., Plaintiffs and Appellants, v. HEIRS OF FRANCISCO ALVAREZ, ETC., Defendants and Appellees.

No. 6403. Argued May 4, 1934.—Decided July 28, 1934.

*Angel A. Vázquez* for appellant.   *Celestino Iriarte* and *F. Fernández Cuyar* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On February 10, 1931, Polonio Ceballos and his wife Juana Parrillas brought an action in the District Court of San Juan against Juana and Enriqueta Pardiño, heirs of Francisco Alvarez, to annul certain actions and for the refund of rents.

The suit was decided by judgment rendered on May 26, 1932, which contains the following pronouncements: 1 and 2, declaring null the mortgage foreclosure proceeding brought by the ancestor of defendants against plaintiffs and which terminated in the adjudication to said ancestor of the property of plaintiffs mortgaged in his favor and the declaration of nullity of said adjudication and its record in the registry, 3, compelling defendants to abandon and put at the disposal of plaintiffs the property in question;

4, compelling the defendants to pay to plaintiffs the rents produced by the property from September 25, 1928, until total payment, at the rate of $60 a month;

6, compelling plaintiffs to pay to defendants interest at the rate of 1% on said mortgage from June 24, 1927, until total payment and to refund them also $180.71 which they paid for taxes imposed on the property and $532.21 expended in necessary repairs to the same; and

7, compelling defendants to pay costs.

None of the parties appealed and the judgment became unappealable. Plaintiffs filed a memorandum of costs amounting to $525. The defendants objected to said memorandum and the court by its order of September 13, 1932, reduced it to $224.50. Defendants were not satisfied and appealed but their appeal was dismissed on March 8, 1933. (44 P.R.R. 574.)

On November 10, 1932, Magdalena Osorio appeared in the suit and requested that she be subrogated for plaintiffs as to that part of the judgment of May 26, 1932, which refers to the payment by defendants of the rents of the property in question amounting to $2,954 and as to the memorandum of costs already approved in the amount of $224.50 as plaintiffs had assigned to her said credits the previous day that is, on November 9, 1932, and she also requested that as the judgment was unappealable the execution of the same be ordered as to the sum of $2,954 to which the rests amounted. The same day the court agreed to everything requested.

At this stage, on November 23, 1932, defendants appeared and requested the court to annul its order of November 10, 1932, because the assignment had been effected without their knowledge or consent, because at the time of the assignment they were creditors of the assignors by virtue of the judgment of May 26, 1932, in the sum of $2,963.42, because neither the motion for subrogation and execution nor the order granting the same were notified to them and because at the time of the assignment the plaintiffs had no rights which they

could assign. Magdalena Osorio objected and the court took the case under consideration.

At this stage of the suit, the marshal complying with a mandate issued to him in accordance with the order of subrogation and execution sold to Magdalena Osorio herself, the subrogated party, the credits recognized in the judgment of May 26, 1932, in favor of defendants, for $675.

As soon as defendants became aware of said fact they also requested the court to annul said proceedings. Magdalena Osorio objected and finally the court, on February 24, 1933, deciding both questions, declared null the assignment of credit of $2,954 which was extinguished by the set-off and also the sale and adjudication made in favor of Magdalena Osorio.

In March 23, 1933, Magdalena Osorio informed the court that the appeal taken by the defendants from the order fixing the costs which they must pay, had been dismissed, for which reason they should be required to deposit in court the amount of the same, and if they failed to do so that the proper order of execution be issued.

The court so ordered, and in March 24, 1933, the defendants were so required, and they, on April 24 following, requested the court on the grounds stated, to annul its order of March 24, and the order of execution issued to the marshal in accordance with the same. Magdalena Osorio objected and the court, in May 3, 1933, rendered the order object of this appeal. Said order annulled its order or March 24, 1933, and the mandate issued to the marshal, who was instructed to abstain from making the sale he had set for May 16, 1933, in virtue of the mandate.

Magdalena Osorio in her brief, assigns to the lower court the commission of three errors, as follows:

"1.—The court erred in annulling, on the ground of a set-off, its order of March 24, 1933, as the credit for costs had not been liquidated and could not be recovered at the time of the assignment and, also, because the same was not subject to a set-off.

"2.—The court erred in annulling its said order of March 24, 1933, because even assuming that the credit for costs object of the assignment was subject to a set-off, however, for the defendant heirs the effect of the assignment began from November 23, 1932, on which date they learned of it and did not attack it.

"3.—The court erred in annulling its said order of March 24, 1933, because by virtue of acts done by the defendant heirs themselves they are estopped to claim the set-off against the credit for costs."

██ In our judgment none of the errors assigned were committed.

It must be remembered that the controversy here arises from a single judgment and in such cases the jurisprudence has decided that:

"The partial assignment of a judgment without the consent of a judgment debtor does not, as a general rule, affect him. This is in accord with the principles usually governing partial assignments of choses in action. The creditor cannot split his demand, and by assignment of a portion thereof impose upon the debtor the legal obligation of paying the assignee." 15 R.C.L. 781.

The costs in question were fixed by the trial court at $224 on September 13, 1932. Defendants appealed only from the amount for attorney's fees. The private contract of assignment was executed on November 9, 1932. On that date, the assignors by virtue of the same judgment which imposed the costs on defendants—the amount of which costs was fixed before the assignment—the plaintiffs owed the defendants a greater sum than was owed by them to the assignors. This being so, the assignors had nothing which they could transfer to the assignee and hence the latter could acquire nothing.

█ It is true that the appeal from the order approving the memorandum of costs stays its effects, but once it is affirmed, said effects are retroacted to the date of the order.

██ Section 1073 of the Civil Code, Edition of 1930, reads:

"Art. 1073.—The effects of a conditional obligation to give after the condition has been fulfilled shall retroact to the day on which

it was constituted. Nevertheless, if the obligation should impose mutual prestations on the parties concerned, the fruits and interest for the time during which the condition has been pending shall be understood as compensating each other. Should the obligation be unilateral, the debtor shall become the owner of the fruits and interest collected, unless by reason of the nature and circumstances of the obligation it must be inferred that the will of the person constituting it was otherwise.

"In the obligations of doing or of not doing, the courts shall determine in each case the retroactive effect of the condition fulfilled."

It is admitted that the assignment in question was never notified to defendants. It was made without their knowledge. They did not consent to it. And Section 1152 of the Civil Code, Ed. of 1930, provides:

"Section 1152.—A debtor who may have consented to the assignment of rights made by a creditor in favor of a third person, can not oppose, against the assignee, the compensation which should pertain to him against the assignor.

"If the creditor gave him notice of the assignment and the debtor did not consent thereto, he may oppose compensation for prior debts, but not for subsequent ones.

"If the assignment is made without knowledge of the debtor, he may oppose compensation for prior credits and for subsequent ones, until he should have been informed of the assignment."

Assignee has nothing to complain of. When she acquired the credit in question, she knew that it arose from a judgment which also had adverse pronouncements. The compensation arose as a fact which could not be avoided from the moment the credits were recognized and obligations imposed on both parties by the judgment. It had arisen *ipso jure*, without an express claim by the parties before the assignment.

Manresa commenting Section 1198 of the Spanish Civil Code similar to Section 1152 of our Code which we have cited, says:

"After making the preceding distinction, we will state that as to compensation already effective, that as the same is created *ipso jure*, without the intervention of the interested parties, both obliga-

tions are extinguished, and hence, as far as they are extinguished, there can be no assignment of credit which will produce effect against the debtor, but only a claim for eviction or fraud by the assignee against the assignor." 8 Manresa, *Comentarios al Código Civil*, 379.

And in 12 C.J. 228, we find:

"Legal compensation as a rule operates *ipso jure* without regard to the intent or even the knowledge of the parties."

The jurisprudence established by this Supreme Court in the case of *Vicenty* v. *Vázquez, et al.*, 11 P.R.R. 275, 276, is applicable. We copy from the syllabus:

"The assignment of a mortgage credit extinguished by set-off is null and void, and the nullity of such an assignment necessarily involves the nullity of a judicial sale held under the proceedings prosecuted for the recovery of such credit, and although the proceeding may be valid that fact will not prevent the sale which was acknowledged as the sole cause of the assignment of the extinguished credit from being declared null and void."

█ The fact that defendants in November 23, 1932, had knowledge of the assignment and did not attack it until April 24, 1933, is immaterial. The assignment was null from the beginning and the law does not fix a period to attack it, nor is the time elapsed sufficient to consider that defendants had waived their right. The filing of the appeal from the order fixing the amount of costs explains the delay.

Nor is the fact that the assignee intervened as a party to the said appeal an obstacle to the exercise by defendants of said right. Said appeal was filed on September 20, 1932 and the assignment contract was executed on November 9, 1932. This being so, the question as to the nullity or invalidity of the assignment could not be raised in said appeal. The assignee appeared because she had been subrogated in the place of the assignors by the district court, and the question whether the subrogation was or was not properly made was not involved in the appeal, which as we have repeatedly said, only referred to the amount of attorney's fees. The

defendants can not complain of the fact that they were limited to the scope and extent of the appeal.

The appeal must be dismissed and the order of May 3, 1933, affirmed.